**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-1725**

_____

BANK OF AMERICA, N.A.,

> Plaintiff - Appellee,

v.

JERICHO BAPTIST CHURCH MINISTRIES, INC., Jericho DC,

> Defendant - Appellant,

and

JERICHO BAPTIST CHURCH MINISTRIES, INC., Jericho MD; DENISE KILLEN; CLIFFORD BOSWELL; GLORIA MCCLAM-MAGRUDER; CLARENCE JACKSON; LYNDA PYLES,

> Defendants.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:15-cv-02953-PX)

_____

Submitted:  September 30, 2022                    Decided:  October 19, 2022

_____

Before AGEE, WYNN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Donald M. Temple, Washington, D.C., for Appellant.  Matthew A. Fitzgerald, Richmond, Virginia, Ava E. Lias-Booker, Melissa O. Martinez, MCGUIREWOODS LLP, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bank of America, N.A., filed an interpleader action as a disinterested stakeholder seeking protection from liability relating to deposit accounts established in 1999 and 2002 by Jericho Baptist Church Ministries, Inc. (the "Church"). The accounts were the subject of litigation between two factions of the Church, Jericho DC and Jericho MD; each faction claimed ownership of the Church and purported to be authorized to access the accounts held by Bank of America. Jericho DC filed a counterclaim against Bank of America, alleging breach of contract, negligence, and gross negligence in Bank of America's handling of the Church's account. Jericho DC appeals from the district court's order granting summary judgment to Bank of America and denying its motion for reconsideration of the court's prior order excluding Jericho DC's expert witness. Finding no error, we affirm.

Jericho DC first contends that the district court erred in excluding its expert witness, Susan Riley, based on her lack of qualifications and the unreliability of her opinions. "We review a district court's decision[] on the admissibility of expert testimony for abuse of discretion." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 958 (4th Cir. 2020); *see Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997) (applying abuse of discretion standard to district court's exclusion of expert testimony). Rule 702 of the Federal Rules of Evidence sets forth the requirements for qualifying a witness as an expert. When determining the reliability of experiential expert testimony for purposes of Rule 702, a court must "require an experiential witness to explain how [her] experience leads to the conclusion reached, why [her] experience is a sufficient basis for the opinion, and how [her] experience is

3

reliably applied to the facts." *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (internal quotation marks omitted).

Because Riley only worked with customers at an operational bank for a short period of time prior to 1985, the district court did not abuse its discretion in finding her unqualified to offer an expert opinion on the industry standard of care for verifying client signature cards on corporate accounts decades later. *See Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 800 (4th Cir. 1989) (finding that expert witness with no education, training, or experience in the area in which she testified failed to satisfy Rule 702 and should have been excluded). Moreover, Riley could not explain how her experience supported her conclusions, nor was she able to point to any industry standards that supported her opinions. As such, the district court did not abuse its discretion in deeming her opinions unreliable.

Jericho DC next argues that the district court abused its discretion by refusing to reopen discovery to allow Jericho DC to designate another expert after the court excluded Riley. A trial court necessarily has wide discretion in managing pretrial discovery, and an appellate court should not disturb its orders absent a clear abuse of discretion. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). The Federal Rules of Civil Procedure generally permit a court to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (listing factors courts consider in excusable neglect determination). Because Bank of America had already spent two days deposing Riley, discovery had been closed for over a

4

year, the district court had previously extended the discovery period, and Jericho DC had the opportunity to look for an alternate expert once Riley's qualifications were questioned by the district court during the first summary judgment hearing, the district court did not abuse its discretion in denying Jericho DC's request to reopen discovery.

Next, Jericho DC contends that the district court erred in ruling that it was required to present expert testimony to establish Bank of America's standard of care. Rule 601 of the Federal Rules of Evidence provides that "state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Maryland law, which governs Jericho DC's breach of contract and negligence claims, provides that "[a]dding an individual's name to a bank account involves an understanding of internal bank procedures that the trier of fact cannot be expected to appreciate" and that "expert testimony was necessary to explain to the jury the reasonable commercial standards prevailing in the area with respect to adding names to a customer's checking account and verifying the identities of the signatories." *Schultz v. Bank of Am., N.A.*, 990 A.2d 1078, 1080-81, 1085-86 (Md. 2010). Based on its straightforward application of Maryland law, the district court did not err in determining that the standard of care could not be established without an expert.

Finally, Jericho DC argues that the district court erred by considering unauthenticated records submitted by Bank of America that constituted inadmissible hearsay. A district court may consider materials at the summary judgment stage that would be inadmissible at trial if the proponent "shows that it will be possible to put the information into an admissible form." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,

790 F.3d 532, 538 (4th Cir. 2015) (cleaned up).  The business records exception to the rule against hearsay provides that a record of a regularly conducted activity is not excluded by the rule against hearsay if certain requirements are met.  Fed. R. Evid. 803(6).  "Rule 803(6) does not require that the records be created by the business having custody of them."  *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 358 (4th Cir. 2018) (cleaned up).  In this case, Bank of America showed that the records in question could be authenticated at trial and fell into the business records hearsay exception.  The district court therefore did not abuse its discretion in considering the records in its summary judgment determination.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*